IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STEVEN WHITTLEY; | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. |
| | § |
| JOSEPH KELLUM; GEX TRANS | § |
| GROUP INC.; PRIME CARRIER, INC.; | § |
| AND GAT GLOBAL SOLUTIONS INC.; | § |
| | § |
| Defendant. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Steven Whittley, Plaintiff complaining of Defendants Joseph Kellum, GEX Trans Group Inc., Prime Carrier, Inc., and GAT Global Solutions Inc.

## PARTIES

1. Plaintiff Steven Whittley is an individual resident of Fort Worth, Tarrant County, Texas. His driver's license number is *****446 and his social security number is ***-**-*633.

2. Defendant Joseph Kellum is an individual resident of Charleston, Kanawha County, WV and may be served with process at 103 Edview Circle, Charleston, WV 25313.

3. Defendant GAT Global Solutions Inc. is a corporation doing business in Texas and may be served with process by serving its registered agent for service Andrii Tsuryk at 731 Circle Drive, Roselle, IL 60172.

4. Defendant GEX Trans Group, Inc. is a corporation doing business in Texas and may be served with process by serving its registered agent for service Andriy Matrofaylo at 7N754 IL Route 59, Bartlett, IL 60103.

5. Defendant Prime Carrier, Inc. is a corporation doing business in Texas and may be served with process by serving its registered agent for service Andrii Tsuryk at 731 Circle Drive, Roselle, IL 60172.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the non-resident Defendants because Defendants were doing business in the State of Texas, and have continuing business contacts within the State of Texas.

7. Venue of this case is proper in the Sherman division of the Eastern District of Texas because the collision made the basis of this suit occurred in Denton County, Texas, located within the boundaries of the Sherman division of the Eastern District of Texas.

8. Plaintiff's damages are in excess of the minimum jurisdictional limits of $75,000.

## FACTUAL BACKGROUND

9. This lawsuit arises out of a motor vehicle collision that occurred on Monday, March 18, 2019 on I35W and Bonnie Brea within the city limits of Denton, Denton County, Texas. Plaintiff Steven Whittley was operating his vehicle northbound on I35 and was stopped for traffic ahead. Defendant Joseph Kellum was operating his 18-wheeler behind Plaintiff's vehicle in the same lane and headed in the same direction. Defendant Joseph Kellum failed to slow and/or stop, colliding hard with the back of Plaintiff's vehicle. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## CAUSES OF ACTION

### A. NEGLIGENCE – DEFENDANT JOSEPH KELLUM

10. At the time of the motor vehicle collision, Defendant Joseph Kellum was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

   a. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

   b. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

   c. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

   d. Defendant failed to control his speed; and

   e. Defendant failed to safely operate his tractor-trailer.

### B. NEGLIGENT ENTRUSTMENT – DEFENDANTS GEX TRANS GROUP INC., PRIME CARRIER, INC. AND GAT GLOBAL SOLUTIONS INC.

11. As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendants GEX Trans Group Inc., Prime Carrier, Inc. and GAT Global Solutions Inc. were the owners of the tractor and trailer driven by Defendant Joseph Kellum.  Defendants GEX Trans Group Inc., Prime Carrier, Inc. and GAT Global Solutions Inc. entrusted the vehicles to Defendant Joseph Kellum. Defendant Joseph Kellum was incompetent, and/or reckless and Defendants GEX Trans Group Inc., Prime Carrier, Inc. and GAT Global Solutions Inc. knew or should have known that Defendant Joseph Kellum was incompetent, and/or reckless.  Defendant Joseph Kellum's negligence on the occasion in question proximately caused the collision.

### C. RESPONDEAT SUPERIOR – DEFENDANTS GEX TRANS GROUP INC., PRIME CARRIER, INC. AND GAT GLOBAL SOLUTIONS INC.

12. Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Joseph Kellum was in the course and scope of his employment with Defendants GEX Trans Group Inc., Prime Carrier, Inc. and GAT Global Solutions Inc. thereby making Defendants GEX Trans Group Inc., Prime Carrier, Inc. and GAT Global Solutions Inc. liable under the doctrine of *Respondeat Superior*.

**D.     NEGLIGENCE – DEFENDANTS GEX TRANS GROUP INC., PRIME CARRIER, INC. AND GAT GLOBAL SOLUTIONS INC.**

13. Defendants GEX Trans Group Inc., Prime Carrier, Inc. and GAT Global Solutions Inc. failed to properly train and/or supervise Defendant Joseph Kellum in order to prevent collisions such as the one in question. Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## DAMAGES

14. As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

    a.   Medical expenses in the past and future;

    b.   Lost earning capacity in the past and loss of earning capacity in the future;

    c.   Disfigurement;

    d.   Physical impairment in the past and future;

    e.   Physical pain and suffering in the past and future; and

    f.   Mental anguish in the past and future.

## JURY TRIAL

15. Plaintiff demands a trial by jury and includes the appropriate jury fees.

# **RELIEF**

16. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

- a. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;
- b. Plaintiff's future medical expenses;
- c. Plaintiff's lost earning capacity in the past and loss of earning capacity in the future;
- d. Plaintiff's disfigurement;
- e. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;
- f. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;
- g. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;
- h. Interest on the judgment at the legal rate from the date of judgment;
- i. Pre-judgment interest on Plaintiff's damages as allowed by law;
- j. All costs of court; and
- k. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: */s/ Shelly Greco*
**SHELLY GRECO**
State Bar No. 24008168
shelly.greco@witheritelaw.com
**WITHERITE LAW GROUP, PLLC**
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)
**ATTORNEYS FOR PLAINTIFF**